UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

vs

MARCUS DWAYNE ROBERTSON

Case Numbers: 6:11-cr-277-Orl-31GJK
6:12-cr-63-Orl-31GJK

USM Number: 27884-053

Daniel Newton Brodersen, Esq.
533 N Magnolia Ave
Orlando, FL 32801

JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count One of the Indictment in 6:11-cr-277-Orl-31GJK and was found guilty as to Count One of the Indictment in 6:12-cr-63-Orl-31GJK. Accordingly, the Court has adjudicated the defendant guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 2 | Possession of a Firearm and Ammunition by a Convicted Felon | August 23, 2011 | One in 6:11-cr-277-Orl-31GJK |
| 18 U.S.C. § 286 | Conspiracy to Defraud the Government | April 27, 2011 | One in 6:12-cr-63-Orl-31GJK |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

June 26, 2015

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

June 29, 2015

Marcus Dwayne Robertson
6:11-cr-277-Orl-31GJK

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **20 months plus one day**. This term consists of 12 months plus one day on Count One of the Indictment in 6:11-cr-277-31GJK and a consecutive term of 8 months on Count One of the Indictment in 6:12-cr-63-Orl-31GJK.

The defendant is remanded to the custody of the United States Marshal for processing and release.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

AO 245B (Rev. 4/09) Judgment in a Criminal Case

Marcus Dwayne Robertson
6:11-cr-277-Orl-31GJK

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years**. This term shall consist of a 3 year term as to Count One of the Indictment in 6:11-cr-277-Orl-31GJK and a 3 year term as to Count One of the Indictment in 6:12-cr-63-Orl-31GJK, such terms to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The mandatory drug testing requirements of the Violent Crime Control Act are waived.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

Marcus Dwayne Robertson
6:11-cr-277-Orl-31GJK

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the probation officer. The defendant shall provide the probation officer access to any requested financial information. ***This condition was imposed in 6:12-cr-63-Orl-31GJK only.

2. The defendant shall cooperate in the collection of DNA, as directed by the probation officer.

3. The defendant shall cooperate with the Internal Revenue Service regarding all outstanding taxes, interest, and penalties relating to the offense of conviction. Additionally, the defendant shall pay all outstanding taxes, interest, and penalties relating to the offense of conviction. Furthermore, the defendant shall provide the probation officer with verification that the income tax obligations are being met to the fullest extent possible. ***This condition was imposed in 6:12-cr-63-Orl-31GJK only.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $200.00 Due Immediately ($100.00 in 6:11-cr-277-Orl-31GJK and $100.00 in 6:12-cr-63-Orl-31GJK) | No Fine Imposed | $5,587.00 ***Ordered in 6:12-cr-63-Orl-31GJK only. |

The defendant shall make restitution (including community restitution) to the following payees in the amount listed below. Restitution is payable to the Clerk, U.S. District Court for distribution to the victims.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

AO 245B (Rev. 4/09) Judgment in a Criminal Case

Marcus Dwayne Robertson
6:11-cr-277-Orl-31GJK

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered |
|---|---|---|
| Department of the Treasury, Internal Revenue Service<br>Attention: MS 6261 "Restitution"<br>333 West Pershing Road,<br>Kansas City, Missouri 64108 | | $5,587.00 |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

The Special Assessment in the amount of **$200.00** is due in full and immediately.

The defendant shall begin making payments of $200.00 per month and this payment schedule shall continue until such time as the Court is notified by the defendant, the victim or the government that there has been a material change in the ability to pay.

**The Court finds that the defendant does not have the ability to pay interest and the Court waives the interest requirement for the restitution.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

JOINT AND SEVERAL: Restitution shall be paid jointly and severally with Jonathan Paul Jimenez, a co-Defendant in this case.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest (if applicable), (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 4/09) Judgment in a Criminal Case